(93 South. 226)

## HOWTON v. STATE. (6 Div. 88.)

(Court of Appeals of Alabama. May 16, 1922.)

**1. Criminal law ⬤⇒753(2)—Affirmative charge for defendant properly overruled, where evidence is conflicting.**

Where the evidence is conflicting, affirmative charge for defendant is properly overruled.

**2. Criminal law ⬤⇒726—Statement of solicitor held not reversible error.**

A statement of the solicitor, during argument, that "they are both members in good standing in the moonshiners' union, and are candidates for the county roads or penitentiary," was not reversible error, where the statement was made in response to statements by defendant's counsel.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

McKinley Howton was convicted of violating the prohibition laws, and he appeals. Affirmed.

The first count charged distilling, making, and manufacturing prohibited liquors, while the second count charged having or possessing a still appliance, apparatus, etc., for making prohibited liquors. In his argument the solicitor said:

"They are both members in good standing in the moonshiners' union, and are candidates for the county roads or penitentiary."

Pinkney Scott, of Bessemer, for appellant.

The testimony fails to make a case authorizing the conviction of this defendant. Ante, p. 217, 90 South. 16; ante, p. 212, 89 South. 900; 17 Ala. App. 655, 88 South. 48; ante, p. 236, 89 South., 864. Counsel discusses the other matters complained of, but without citation of authority.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The verdict was general, and will be referred to the good count. Laminack v. State, ante, p. 399, 92 South. 502; Id., ante, p. 400, 92 South. 505; Forrister v. State, ante, p. 492, 93 South. 279. There was no error injurious to defendant in the admission of evidence or argument of counsel. 4 Michie, Dig. 322; 12 Michie, Dig. 1190.

BRICKEN, P. J. [1] The state offered testimony which tended to show that the defendant was seen making whisky on the night of and just prior to his arrest. This the defendant denied, although he did admit that he was at the still, as testified to by witnesses for the state, and that whisky was at that time being made. This conflict in the testimony presented a question for the jury;

therefore the affirmative charge, requested by the defendant, was refused without error.

The rulings of the court on the testimony are without error, and could in no manner have injuriously affected the substantial rights of defendant.

[2] The argument of the solicitor, to which objection was made and overruled, would not authorize a reversal of the judgment of conviction. The portion of the argument complained of appears to be in response to statements made by defendant's counsel in his argument to the jury, and for this reason does not exceed the bounds of legitimate argument. 4 Mich. Ala. Dig. 322.

The court properly charged the jury, at the written request of defendant, that they could not convict the defendant under the second count of this indictment. There was, however, ample evidence to sustain the charge contained in the first count.

No error appearing in any of the rulings of the court, and no error being apparent on the record, the judgment of the lower court is affirmed.

Affirmed.

---

(93 South. 229)

## BENTON v. STATE. (6 Div. 8.)

(Court of Appeals of Alabama. May 16, 1922.)

**1. Criminal law ⬤⇒1092(13)—No bill of exceptions, in absence of indorsements by presiding judge.**

In the absence of indorsements by the presiding judge, there is no bill of exceptions.

**2. Criminal law ⬤⇒1090(14)—Charges refused not reviewed, in absence of bill of exceptions.**

In the absence of a bill of exceptions, the appellate court cannot review charges refused to defendant.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Kenneth Benton was convicted of buying or receiving stolen property, and he appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1, 2] What purports to be a bill of exceptions is copied in the transcript, but it does not seem to have been presented, or signed by the presiding judge. In the absence of indorsements by the presiding judge, there is no bill of exceptions; and in the absence of a bill of exceptions, we cannot review the charges refused to defendant.

We find no error in the record, and the judgment is affirmed.

Affirmed.

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes